## Pitts v. Hatton, et al.

(Decided January 26, 1915.)

### Appeal from Estill Circuit Court.

Judgment—Enforcement of Lien—Erroneous.—In a suit to foreclose a purchase money lien on certain real estate, a judgment rescinding the sale but granting plaintiff a writ of possession, and charging defendant with rent for the land from the date of the note was erroneous, when there was no plea or proof that plaintiff ever had or was entitled to possession of the land.

HUGH RIDDELL and ROBERT R. FRIEND for appellant.

J. B. WHITE for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

This is a suit to collect a $25 purchase money note, and enforce a lien on the land for which, it is alleged, the note was executed. The tract contains 53 acres, and the rental value for the whole of it is worth no more than $10 per annum, according to the testimony. The suit began in May, 1903. So far as the record discloses, the only written instrument in the whole transaction was the purchase money note sued on. It was executed in 1900 by Charles F. Puckett, in which he recites that he has "bought from John P. Hatton a tract of land for $50 in which he has signed over such papers to me as I now hold. I have paid $25 down, and $25 to be paid in 1902, if such papers is sufficient to hold said land." It appears from the evidence that the papers "signed over" were surveyor's field notes. They were not introduced. The suit was brought by Hatton against Charles F. Puckett and Anderson Pitts, and, after setting up the execution and non-payment of the note, it is averred that:

"Puckett afterwards sold the land to the defendant Pitts and put him in possession thereof * * * and

that the papers in contract under which the plaintiff sold said land to Puckett have been and are sufficient to hold said land and secure the same to the defendants.''

Puckett does not answer and it does not appear that he was ever before the court. Pitts answered with a denial that Hatton sold the land to Puckett or put him in possession, or that Puckett sold the land to him; he denies that Hatton ever had title or possession. He claims to be the owner of the land by purchase from F. B. Russell, and says Russell purchased from the Furnace Company. He also claims title by more than 30 years' actual and continuous adverse possession. Plaintiff Hatton also claimed title through the Furnace Company. He said his mother bought it and died intestate, and that he inherited it from her, although he admitted that there were other heirs. There was no evidence in the case other than plaintiff Hatton's, and he in no wise connected the appellant Pitts with the Puckett trade or possession. So far as disclosed by this record, the only interest Hatton had in the land was a lien, and the court did not consider that enforcible. It was adjudged, however, that Hatton was entitled to a writ of possession against Pitts, and that Pitts should be charged with the rent of the land at $10 per annum from the date of the note. It is from this judgment that the appeal is prosecuted. This judgment is clearly erroneous, because there is no plea or proof that Hatton ever had or was entitled to possession.

Hatton in his testimony says that he sold the land to Puckett, but admits that Puckett was then in possession of it. He does not claim that the relation of landlord and tenant existed. He says: ''Puckett moved on it before I sold it to him; I don't know how he happened to go there.'' It is inferable from Hatton's testimony that Pitts was also in possession at the time, but Hatton admits that he knew Pitts claimed title by purchase from the Furnace Company. Since it is not claimed that Hatton was entitled to possession, the judgment of the lower court is reversed, with directions to set aside the writ of possession. Permission should be given to file such amended pleadings as are necessary to join issue on title and right of possession.